### John Hopkins, Defendant in Error, v. O'Gara Coal Company, Plaintiff in Error.

This case is controlled by the decision in Walker v. O'Gara Coal Co., *ante*, p. 279.

Assumpsit. Error to the Circuit Court of Saline county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

M. S. WHITLEY, for plaintiff in error.

JOHN L. THOMPSON and JAMES B. LEWIS, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action of *assumpsit* brought by the defendant in error against the plaintiff in error for wages earned in mining coal. The defendant denied liability for plaintiff's attorney's fees under the statute. A jury was waived, the court heard the evidence and rendered judgment for the plaintiff for $22.24 and allowed $15 as an attorney's fee, to be taxed as costs. The defendant prosecutes by writ of error and asks a reversal of the judgment upon two grounds; (1) that the earnings for which the suit was brought was not wages within the meaning of the statute, and (2) that the evidence did not warrant the allowance of attorney's fees

to be taxed as costs. There is no merit in either contention. The Revised Statute, chapter 13, section 13, provides, ''that whenever a miner    *    *    *    shall have cause to bring suit for his wages earned   *   *   * and owing to the terms of his employment   *   *   * and that a demand has been made in writing at least three days before the suit is brought, for a sum not exceeding the sum found to be due, it shall be the duty of the court to allow the plaintiff a reasonable attorney fee, not less than $10 in the Circuit Court, in addition to the amount found due for wages, the same to be taxed as costs.''

It appears from the additional abstract filed by the defendant in error and in the record, but not in plaintiff in error's abstract, that written demand in due form was made before suit was brought, and so far as pointed out, that the defendant in error fully conformed with all the requirements of the statute to entitle him to the allowance of an attorney's fee. The sum demanded did not exceed the sum proved and allowed by the court on trial. The fact that he was employed as a miner and his compensation fixed at so much per ton for the coal taken out by him, instead of other wage rate of compensation, would not debar his right as a wage earner within the purview of the statute.

Incidentally, complaint is made of the form of the judgment, but as the informality is not pointed out in brief or argument we are not called upon to consider it. The judgment is for wages and should have so recited, but as it appears clearly from the evidence that it was right, this court under the record and presentation by counsel cannot do otherwise than affirm the judgment.

*Affirmed.*